**STATE of Missouri, Respondent,**

v.

**Dennis T. WALLACE, Appellant.**

**No. WD 37056.**

Missouri Court of Appeals,
Western District.

March 11, 1986.

Kathleen Murphy Markie, Columbia, for appellant.

William Webster, Atty. Gen., Paul La-rose, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for tampering, first degree, in violation of § 569.080.1(2), RSMo Supp.1984.

The judgment is reversed and the cause remanded with directions.

While appellant presents three points, only one is taken up due to the disposition of this appeal. Appellant charges that the trial court erred in admitting into evidence statements of appellant, because said statements were not voluntary and obtained in violation of his rights against self-incrimination.

The record reveals the following pertinent facts: At about 1:00 a.m. on September 21, 1984, a member of the Riverside, Missouri Police Department (Officer Shelton) was on patrol and observed a 1971 Chevrolet Chevelle leaving the rear of the Lee's Used Car Lot. The officer pursued the Chevelle. It stopped and the officer summoned another officer to the scene (Officer Odom). The Chevelle was occupied by appellant and one Joseph Andreyo, with appellant in the driver's seat. The officer asked appellant why he was in the car lot, and appellant stated that he was repairing his automobile. Shelton read appellant his Miranda warning and appellant acknowledged that he understood his rights. Odom again talked with appellant about why he was at the car lot and asked appellant if he (appellant) thought he (Odom)

was stupid enough to believe his (appellant's) story. At this point, appellant was told by Odom that if appellant was truthful about the matter, he (Odom) would ask the detective to be assigned to the case to file city charges. At this point, appellant stated that he was on the car lot to steal a drive shaft from a vehicle on the lot. Appellant was placed under arrest. The officers observed that appellant had grease on his hands, face, and clothing. Odom then proceeded to the car lot to see if any cars on the lot had been tampered with. He found two Chevrolets, and the drive shafts from both were lying on the ground. Odom also found a ball cap underneath one of the cars on the lot. Odom returned to where Shelton, Andreyo, and appellant were waiting. Odom asked if the ball cap belonged to appellant, and appellant confirmed that the cap was his.

The lot owners later testified that at 1:00 a.m., their lot is closed and they neither knew appellant nor had given him permission to be on their lot. Appellant did not testify, either at his motion to suppress or at trial. The jury returned its verdict. Judgment was entered and this appeal was filed after the overruling of timely filed post-trial motions.

The record reveals that Officer Odom told appellant that if he (appellant) was truthful, Odom would ask the detective assigned to the case to file city charges against appellant. Appellant then confessed to being on the car lot for the purpose of stealing a drive shaft. The record reveals that Officer Odom expected appellant to rely upon his (Odom's) statement that Odom would ask the detective to file city charges. Odom also testified he expected appellant to "talk" after he made the statement to appellant.

Under existing authority, Officer Odom's statement was a direct promise which, under the totality of the circumstances, extracted the confession of appellant. Prior and existing authority prohibits such action whether the promise is direct or implied. *Bram v. United States*, 168 U.S. 532, 542, 18 S.Ct. 183, 186–187, 42 L.Ed. 568 (1897);

*State v. Hughes*, 596 S.W.2d 723, 726 (Mo. banc 1980).

The basic question is whether, under the totality of the circumstances, appellant's confession was voluntary. Our courts have considered, from the circumstances, the definiteness of the promise, who initiated the "deal", the time lapse between the promise and the confession, and whether the officer making the promise believed the promise would influence the giving of the confession. *See State v. Hunter*, 456 S.W.2d 314 (Mo.1970). In the instant case, the record reveals that Odom took the initiative, there was but a momentary time lapse, and Odom testified that he expected appellant to rely on his statement. The question is ruled by *State v. Williamson*, 339 Mo. 1038, 99 S.W.2d 76 (1936), and this court is bound to follow that authority. The result is that, under the totality of the circumstances, appellant's confession was rendered involuntary by the inducement of Officer Odom. The evidence herein was not in conflict upon the question, so the rule in *Hughes, supra*, does not apply. The rule announced in *Hunter, supra*, also does not control because in *Hunter* the defendant originated the "deal", whereas herein the "deal" was originated by Officer Odom.

The judgment is reversed and the cause is remanded with directions that if retrial is undertaken, the same shall exclude the statement of appellant.

All concur.